## 21362. ROBERTSON, administrator, v. GARRETT et al.

        Decided May 12, 1931.

*A. M. Kelly,* for plaintiff. *E. W. Roberts,* for defendant.

Luke, J. J. A. Robertson, administrator of the estate of R. F. Tucker, brought suit against A. J. Garrett and C. S. Floyd, alleg-

ing in his petition that on December 1, 1928, having $846 on demand deposit to his credit as administrator, in the Farmers and Merchants Bank of Loganville, Georgia, he drew his check on said bank for said sum, payable to the Farmers Bank of Monroe, Georgia, and deposited the check in the latter bank to his credit as administrator; that the check was sent in regular course for collection; that it reached the Farmers and Merchants Bank between December 1 and December 5, 1928, and payment was refused and the check returned unpaid; that said defendants are sureties on the administrator's bond, as well as directors of Farmers and Merchants Bank and actively engaged in the management of its affairs; that these defendants refused to permit the check to be paid, and required the cashier to return it, the cashier being an employee of the bank and under the control of said directors; that the defendants, in refusing to permit the payment of the check, acted without legal justification, and for no other reason than to keep the funds in the bank in which they were interested as directors; and that other checks for smaller sums, similarly drawn, had previously been honored without question. The petition further avers that a later demand for payment of the check was made by the plaintiff upon both the defendants and the cashier, and was refused; that at the time the check was presented for payment the bank had sufficient funds to pay the same, but that payment was refused; that on January 16, 1929, the bank, by its officers and directors, was placed in the control of the State superintendent of banks for liquidation, and is now in process of liquidation by the superintendent of banks; that the defendants' actions as set out amounted to a fraud against petitioner; and that the defendants illegally prevented the plaintiff from obtaining the fund, and are, therefore, liable to him as administrator in the sum of $846, with interest thereon from December 1, 1928. An amendment to the petition having been made in compliance with the court's order, a demurrer thereto was overruled.

The answer filed by defendants admitted that they were bondsmen of the plaintiff, denied all the other substantial allegations of the petition, and by amendment, allowed over plaintiff's objection, set up by way of further defense that when they agreed to go on the bond of the plaintiff as administrator, it was agreed that the fund was to remain in the Farmers and Merchants Bank,

and that all checks for expenses and distribution of the estate were to be countersigned by G. A. Garrett, ordinary, and all other checks issued by the administrator were to be countersigned by the defendants themselves, and that it was upon this agreement that the defendants became sureties on the bond. This amendment was demurred to by the plaintiff, on the ground that the facts alleged therein constituted no defense to the action, and that its effect was an attempt to vary the written bond by a parol agreement made prior to the execution of the bond. This demurrer was also overruled, and exceptions pendente lite to the ruling thereon were duly taken. The case proceeded to trial, and a verdict and judgment were taken in favor of the defendants. Plaintiff's motion for a new trial was overruled, and exceptions were taken.

It would appear that plaintiff's demurrer to the amendment of defendants' answer presents a novel question, so far as we have ascertained from our search for precedent in this jurisdiction. The collateral arrangement set up as a defense was upon its face natural and prudent when considered from the standpoint of bondsmen looking to their own protection from liability arising by reason of their suretyship on the administrator's bond. But when considered in the light of the powers and responsibilities prescribed by law as incident to the office of an administrator of a decedent's estate, and especially in the light of the facts set out in the plaintiff's petition, a serious question arises as to its validity. The question is fairly raised as to whether or not an administrator may deliberately, as claimed in the amendment to the answer, place it beyond his own power to act upon his own responsibility for the protection of the trust funds coming under his control by virtue of the statute, and, consequently, whether the defendants in this instance had any right to rely upon such an arrangement, assuming of course that they influenced the acting officers of the bank to refuse payment of the check as presented. It is not in the power of an administrator to enlarge or diminish such rights and duties as belong to his office. He has no right to act with reference to the trust estate save within the limits prescribed by law. In the instance here under consideration, clearly, as we think, the administrator undertook to act beyond those limits, if the allegations of the amendment to the answer be true. For this reason we hold that the amendment set up no defense to the petition, and it was error for the trial court to

overrule the demurrer thereto. In view of the conclusion reached, it becomes unnecessary to consider the remaining exceptions, as the error indicated rendered the further proceedings in the case nugatory.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*